UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRACY POLVINO,

                Plaintiff,

v.                                   **DECISION AND ORDER**
                                            03-CV-950S

WAL-MART STORES, INC.,

                Defendant.

1.     On December 22, 2003, Defendant Wal-Mart Stores, Inc., removed this personal injury action to this Court from the New York State Supreme Court. Plaintiff Tracy Polvino alleges that she was injured as a result of Defendant's negligence when she slipped and fell on a clothing hanger that was on the floor of Defendant's store. Presently at bar is Defendant's Motion for Summary Judgment, which was filed on December 22, 2005. After full briefing, this Court took the motion under advisement on April 6, 2006, without oral argument. For the following reasons, Defendant's motion is granted.

2.     On August 25, 2001, Plaintiff and her boyfriend (now husband) Thomas Polvino were shopping at the Thruway Plaza Wal-Mart store in Cheektowaga, New York. Plaintiff, who was pregnant at the time, alleges that as she walked from the carpeted ladies' clothing department into the linoleum-covered main aisle of the store, she slipped on a plastic clothing hanger and fell to her buttocks. Plaintiff refused medical treatment offered by Wal-Mart personnel, but subsequently went to the emergency room on the advice of her doctor. Plaintiff's pregnancy was unaffected by the fall, but she contends that she was otherwise injured as a result of Defendant's negligence.

1

3.  Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law." Id.

4.  On motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.  In a case where the non-moving party bears the ultimate burden of proof at trial, the movant may prevail on its summary judgment motion by pointing to the absence of competent evidence supporting an essential element of the non-moving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.3d 265 (1986).

5.  To establish a case of negligence under New York law, the plaintiff must prove:  (1) that the defendant owed a duty of care; (2) that the defendant breached that duty; and (3) that the breach proximately caused the plaintiff to suffer damages.  Di Benedetto v. Pan Am World Service, Inc., 359 F.3d 627, 630 (2d Cir. 2004); Solomon v. City of New York, 66 N.Y.2d 1026, 1027 (1985).  In a premises liability case such as this,

the plaintiff must present evidence that the defendant created, or had actual or constructive notice of, the dangerous condition. Gordon v. Am. Museum of Natural History, 492 N.E.2d 774, 67 N.Y.2d 836, 837 (1986); Ohlsson v. JBC Bowl Corp., No. 99-CV-890E(F), 2001 WL 1117162, at *4 (W.D.N.Y. Sep. 14, 2001). Moreover, where actual or constructive notice is alleged, liability cannot be imposed unless a plaintiff also can show that the defendant had a reasonable opportunity to correct the dangerous condition. Putnam v. Stout, 38 N.Y.2d 607, 612 (1976).

6.  Defendant argues that it is entitled to summary judgment because Plaintiff has not come forward with sufficient evidence to establish negligence. In particular, Defendant argues that there is insufficient evidence that it created or had actual or constructive notice of the dangerous condition. Plaintiff contends that the evidence is sufficient for a jury to find in her favor.

7.  A defendant has actual notice of a defect if it created the defect or gained actual knowledge of the defect's existence. Ducrepin v. United States, 964 F.Supp. 659, 664 (E.D.N.Y. 1997) (citing McHale v. Westcott, 893 F.Supp. 143, 148-49 (N.D.N.Y.1995)). Plaintiff has not come forward with any direct evidence that Defendant caused the hanger to be on the floor or had actual notice of it. There is no evidence in the record relating to whom or what caused the hanger to be on the floor, or how long the hanger was there. (Donohue Aff., Exhibit A, pp. 30-31[1]). Plaintiff did not see the hanger before she fell, nor did her husband. (Donohue Aff., Exhibit A, p. 29; Donohue Aff., Exhibit C., p. 15.[2]) Furthermore, there is no evidence that anyone reported the existence of the hanger on the

---

[1] Referring to Exhibit A of the Affidavit of John E. Donohue, which is the first half of Plaintiff's deposition.

[2] Exhibit C to the Donohue affidavit is the transcript of Thomas Polvino's deposition.

3

floor to Defendant or any of Defendant's employees.

8.	In the absence of direct evidence, Plaintiff relies on circumstantial evidence. Plaintiff and her husband testified in their depositions that they saw two Wal-Mart employees in the vicinity of the accident hanging clothing on sales racks (Donohue Aff., Exhibit A, p. 31-32; Donohue Aff., Exhibit AA, pp. 64-69[3]; Donohue Aff., Exhibit C., p. 23.[4]). Plaintiff cannot identify these individuals beyond approximate height and weight, nor is there any evidence that these two individuals dropped the hanger on the floor. (Donohue Aff. Exhibit AA, p. 65.)  In any event, the mere presence of these two individuals in the vicinity of the accident area, even if proven,[5] is insufficient to support the inference that they created the dangerous situation.  See Russell v. Meat Farms, Inc., 554 N.Y.S.2d 709, 710 (N.Y. App. Div. 1990) ("we find that the placement of the defendant's employee in the vicinity of the accident, without more, does not establish facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (quotation and citations omitted)); Benware v. Big V Supermarkets, Inc., 576 N.Y.S.2d 461, 462-63 (N.Y. App. Div. 1991) (existence of three of the defendant's employees working in vicinity of accident area was insufficient to raise a triable issue of fact regarding whether the defendant created the dangerous condition or had notice of it). Accordingly, this Court finds that Plaintiff cannot establish that Defendant created the dangerous condition or had actual notice of it.

---

[3] Referring to Exhibit AA of the Affidavit of John E. Donohue, which is the second half of Plaintiff's deposition.

[4] Exhibit C to the Donohue affidavit is the transcript of Thomas Polvino's deposition.

[5] Defendant has offered the conflicting testimony of Shannon Brown, who was co-manager of the Wal-Mart store at the time of the accident.  She testified that she saw Plaintiff and her husband in the aisle immediately after the fall, but did not see any other individuals within 20 feet of them, nor did she see a clothes bin anywhere in the vicinity of the fall. (Donohue Aff., Exhibit C, pp. 38-40.)

9. "A defendant has constructive notice of a defect if the defect is 'visible and apparent' and 'in existence for a sufficient period of time before the accident so that the defendant could discover and remedy it.'" McHale, 893 F.Supp. at 148-49 (quoting Hammond-Warner v. United States, 797 F.Supp. at 211). Again, this Court finds that there is a failure of proof. The record is devoid of any evidence that Defendant had constructive knowledge of the dangerous condition. Plaintiff's own testimony reveals that the hanger was not "visible and apparent" since she testified that she did not see the hanger because it was clear plastic and was "not noticeable." (Donohue, Exhibit A, p. 29.)

10. Moreover, there is no evidence concerning how long the hanger was on the floor. Plaintiff is thus unable to establish that the dangerous condition was in existence for a sufficient length of time such that Defendant could discover and remedy it. See Russell, 554 N.Y.S.2d at 710 ("in the absence of some evidence that the condition existed for a sufficient period to afford the defendant, in the exercise of reasonable care, an opportunity to discover and correct it, there was no factual issue for the jury") (quotation and citations omitted); see also Torri v. Big V of Kingston, Inc., 537 N.Y.S.2d 629, 631 (N.Y. App. Div. 1989) ("In the absence of any proof of how long the substance was there prior to plaintiff's fall, she may not rely on a theory of constructive notice.")

11. Finally, Plaintiff relies on a "recurrent condition" theory to attempt to establish constructive notice. This theory requires "evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord." Uhlich v. Canada Dry Bottling Co. of N.Y., 758 N.Y.S.2d 650, 651 (N.Y. App. Div. 2003) (quotation and citations omitted). However, proceeding by this theory does not relieve the plaintiff of the requirement to come forth with specific evidence that the defendant had constructive knowledge of the dangerous condition that

5

caused the plaintiff's injury.  See Gordon, 67 N.Y.2d at 838 (holding that neither a general awareness that a dangerous condition *may* be present, nor the existence of similar dangerous conditions being observed just 10 minutes prior is legally sufficient to charge the defendant with constructive knowledge of the specific dangerous condition that allegedly caused the accident); see also Chianese v. Meier, 774 N.E.2d 722, 726, 98 N.Y.2d 270, 278 (2002) (characterizing Gordon as holding "that general awareness of a dangerous condition cannot create an inference of constructive notice of the particular condition that caused the plaintiff's injury").

12.	Plaintiff has submitted several affidavits from individuals who attest that the existence of hangers on the floor in Defendant's store was common.  For example, several former Wal-Mart employees submitted affidavits indicating that they frequently saw debris, including hangers, in the aisles of the store, and the store was generally messy.  (Donohue Aff., Exhibits D, E. F, G, H.)  Only one employee however, Dameka R. Torbert, was present in the store on the day of Plaintiff's accident.  (Donohue Aff., Exhibit F.[6])  She states that "there were hangars [sic] on the floor all the time and nobody would pick them up . . . ."  (Donohue Aff., Exhibit F.)  Torbert offers no testimony about seeing the hanger on which Plaintiff slipped or seeing any employees in the area of Plaintiff's accident.

To combat this testimony, Defendant offers evidence, including the testimony of Shannon Brown, that its employees are trained to remove objects that have fallen to the floor whenever they see them, and are required to interrupt their normal activities at certain times throughout the day to perform "safety sweeps" to identify and correct safety hazards, such as objects on the floor.  (Brown Aff., ¶ 6.)

---

[6]Exhibit F to the Donohue affidavit is the affidavit of Dameka R. Torbert.

13. At best, this evidence demonstrates Defendant's general awareness that fallen hangers and other debris may generally create a dangerous condition in its Thruway Plaza store. Such general knowledge, however, is not enough to carry Plaintiff's evidentiary burden. As the Second Circuit has noted, "[i]n constructive notice cases, the plaintiff must prove not simply that the defendant was generally aware of the existence of the dangerous condition, but *that the defendant had notice of the 'particular condition' at issue.*" Taylor v. United States, 121 F.3d 86, 90 (2d Cir. 1997) (emphasis added) (citing Gordon, 67 N.Y.2d at 838 and other cases); see also Rodriguez v. Am. Rest. Ventures, Inc., 923 F.Supp. 598, 603 (S.D.N.Y. 1996) (defendant must have notice of the "specific condition" at issue). Therefore, "[u]nder the principles of Gordon, awareness of a *general* dangerous condition is not enough to charge a defendant with constructive notice of the *particular* dangerous condition that caused an injury." Taylor, 121 F.3d at 90; Rubner v. Wal-Mart Stores, Inc., No. 94-CV-537, 1996 WL 189507, at *2 (W.D.N.Y. Apr. 16, 1996) (general awareness insufficient to impose constructive knowledge on defendant). Not one of these individuals witnessed Plaintiff's fall or saw a plastic hanger on the floor prior to Plaintiff's fall. None of them have offered any testimony about the particular dangerous condition that allegedly caused Plaintiff's injury. Accordingly, Plaintiff's "recurrent condition" theory fails. This Court finds that Plaintiff has failed to present evidence from which a jury could reasonably conclude that Defendant had constructive notice of the dangerous condition at issue.

14. Drawing all reasonable inferences in Plaintiff's favor, as it must, this Court finds that there are no genuine issues of material fact that preclude granting summary judgment in Defendant's favor. Plaintiff has simply failed to produce evidence to sustain

her case.[7]  This case is not unlike <u>Lipsky v. Firebaugh Realty Corp.</u>, where the Second Department recently upheld the trial court's granting of summary judgment in a similar slip and fall case.  809 N.Y.S.2d 535, 536 (N.Y. App. Div. 2006).  Therein, the plaintiff alleged that she slipped on a clothes hanger lying in the middle of an aisle.  <u>Id.</u>  However, the plaintiffs testified that they did not see the hanger before the plaintiff slipped and fell.  <u>Id.</u>  Moreover, the plaintiffs failed to submit any proof establishing how long the hanger was on the floor before the plaintiff slipped on it.  <u>Id.</u>  The court found that, in light of this lack of proof and the defendant's evidence establishing that the store was constantly policed for debris, including clothes hangers, summary judgment in the defendant's favor was warranted.  <u>Id.</u>  Defendant's Motion for Summary Judgment is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Summary Judgment (Docket No. 28) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   September 19, 2006
         Buffalo, New York

                                         /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                         United States District Judge

---

[7]This Court notes that after it took Defendant's Motion for Summary Judgment under advisement, Plaintiff filed a Motion to Produce Discovery (Docket No. 50.).  Plaintiff's motion was referred to the Magistrate Judge, who denied it.  (<u>See</u> Docket No. 58.)  This Court subsequently denied Plaintiff's appeal of the Magistrate Judge's Order.  (<u>See</u> Docket No. 62.)  It is important to note on this motion, however, that Plaintiff's Motion to Produce Discovery was unrelated to its opposition to Defendant's summary judgment motion, and therefore not akin to a motion under Rule 56(f) of the Federal Rules of Civil Procedure.  (<u>See</u> Docket No. 60 (wherein Plaintiff expressly states that the items sought in the motion are "not for buttressing plaintiff's defense of the summary judgment motion")).
.